TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00342-CR







Leonard Perry Cubit, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 97-003, HONORABLE JACK ROBISON, JUDGE PRESIDING







A jury found appellant Leonard Perry Cubit guilty of aggravated assault and
assessed punishment at imprisonment for twenty years. See Tex. Penal Code Ann. § 22.02 (West
1994). In his only issue on appeal, Cubit urges that the district court should have granted his
motion to dismiss the array of potential jurors because it did not have a fair cross-section of the
community. We will overrule this contention and affirm.

Cubit did not file a written challenge to the array. See Tex. Code Crim. Proc.
Ann. art. 35.07 (West 1989) (challenge to array must be in writing). Instead, before voir dire
began, defense counsel stated, "I have a challenge to the array in that I do not believe that it is
racially neutral and it is not representative of Caldwell County." The State said it would have no
reply until Cubit offered evidence to support his complaint. Voir dire then began with no further
discussion of this matter.

During voir dire, Cubit's counsel asked for a show of hands by all panel members
who consider themselves to be African American. One panelist raised her hand. (1) Counsel then
asked if any panelist would consider the race of the defendant or the complainant in reaching a
verdict. By their silence, all panelists indicated they would not. At the conclusion of voir dire
and after each side had made its peremptory strikes, counsel stated, "The Defense renews its
objection made to the array in that -- and the panel reflects this, that there are no -- that it is not
representative of Caldwell County in terms of racial make up." The objection was overruled. 

The United States and Texas constitutions require that petit jurors be drawn from
a source fairly representative of the community. See Taylor v. Louisiana, 419 U.S. 522, 538
(1975); Marquez v. State, 725 S.W.2d 217, 243 (Tex. Crim. App. 1987). In order to establish
a prima facie violation of this requirement, a defendant must show (1) that the group alleged to
be excluded is distinctive in the community; (2) that the representation of this group in venires
from which juries are selected is not fair and reasonable in relation to the number of such persons
in the community; and (3) that this underrepresentation is due to systematic exclusion of the group
in the jury selection process. See Duren v. Missouri, 439 U.S. 357, 364 (1979); Pondexter v.
State, 942 S.W.2d 577, 580 (Tex. Crim. App. 1996).

African Americans are a distinctive group. See Pondexter, 942 S.W.2d at 580. 
There is, however, no evidence of the percentage of African Americans within the total pool of
eligible jurors in Caldwell County, nor any evidence of the method by which jurors are selected
in that county. Even if we assume that African Americans were underrepresented on this jury
panel, it does not follow that this underrepresentation was the result of systematic racial exclusion. 
See May v. State, 738 S.W.2d 261, 269 (Tex. Crim. App. 1987) (disproportionate representation
on single jury panel does not demonstrate Sixth Amendment violation). 

Cubit did not make a prima facie showing of systematic racial exclusion. The
district court did not err by refusing to dismiss the jury panel.

The judgment of conviction is affirmed.



 


 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and Smith

Affirmed

Filed: April 13, 2000

Do Not Publish
1. The State used a peremptory strike on this panelist. Appellant does not contend the panelist
was excluded because of her race. See Batson v. Kentucky, 476 U.S. 79 (1986); Tex. Code Crim.
Proc. Ann. art. 35.261 (West 1989).



 ALIGN="CENTER" WIDTH="26%">

NO. 03-99-00342-CR







Leonard Perry Cubit, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 97-003, HONORABLE JACK ROBISON, JUDGE PRESIDING







A jury found appellant Leonard Perry Cubit guilty of aggravated assault and
assessed punishment at imprisonment for twenty years. See Tex. Penal Code Ann. § 22.02 (West
1994). In his only issue on appeal, Cubit urges that the district court should have granted his
motion to dismiss the array of potential jurors because it did not have a fair cross-section of the
community. We will overrule this contention and affirm.

Cubit did not file a written challenge to the array. See Tex. Code Crim. Proc.
Ann. art. 35.07 (West 1989) (challenge to array must be in writing). Instead, before voir dire
began, defense counsel stated, "I have a challenge to the array in that I do not believe that it is
racially neutral and it is not representative of Caldwell County." The State said it would have no
reply until Cubit offered evidence to support his complaint. Voir dire then began with no further
discussion of this matter.

During voir dire, Cubit's counsel asked for a show of hands by all panel members
who consider themselves to be African American. One panelist raised her hand. (1) Counsel then
asked if any panelist would consider the race of the defendant or the complainant in reaching a
verdict. By their silence, all panelists indicated they would not. At the conclusion of voir dire
and after each side had made its peremptory strikes, counsel stated, "The Defense renews its
objection made to the array in that -- and the panel reflects this, that there are no -- that it is not
representative of Caldwell County in terms of racial make up." The objection was overruled. 

The United States and Texas constitutions require that petit jurors be drawn from
a source fairly representative of the community. See Taylor v. Louisiana, 419 U.S. 522, 538
(1975); Marquez v. State, 725 S.W.2d 217, 243 (Tex. Crim. App. 1987). In order to establish
a prima facie violation of this requirement, a defendant must show (1) that the group alleged to
be excluded is distinctive in the community; (2) that the representation of this group in venires
from which juries are selected is not fair and reasonable in relation to the number of such persons
in the community; and (3) that this underrepresentation is due to systematic exclusion of the group
in the jury selection process. See Duren v. Missouri, 439 U.S. 357, 364 (1979); Pondexter v.
State, 942 S.W.2d 577, 580 (Tex. Crim. App. 1996).

African Americans are a distinctive group. See Pondexter, 942 S.W.2d at 580. 
There is, however, no evidence of the percentage of African Americans within the total pool of
eligible jurors in Caldwell County, nor any evidence of the method by which jurors are selected
in that county. Even if we assume that African Americans were underrepresented on this jury
panel, it does not follow that this underrepresentation was the result of systematic racial exclusion. 
See May v. State, 738 S.W.2d 261, 269 (Tex. Crim. App. 1987) (disproportionate representation
on single jury panel does not demonstrate Sixth Amendment violation). 

Cubit did not make a prima facie showing of systematic racial exclusion. The
district court did not err by refusing to dismiss the jury panel.

The judgment of conviction is affirmed.



 


 Bea Ann Smith, Justice

Before Chief Justice Abous